Agus SANDY, Petitioner,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–70540.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 3, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**640**

---

Agus Sandy, Everett, WA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Marshall Tamor Golding, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, RAWLINSON and M. SMITH, Circuit Judges.

## MEMORANDUM **

Agus Sandy, a native and citizen of Indonesia, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001), and we deny the petition for review.

** This disposition is not appropriate for publication and is not precedent except as provid-

Substantial evidence supports the agency's finding that the harm Sandy encountered did not rise to the level of past persecution. *See Prasad v. INS,* 47 F.3d 336, 339 (9th Cir.1995). Substantial evidence supports the agency's conclusion that Sandy failed show the requisite level of individualized risk necessary to compel a finding of well-founded fear based on the disfavored group analysis. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir. 2003); *cf. Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004). Furthermore, because Sandy's similarly-situated family continues to reside unharmed in Indonesia and he returned to Indonesia after the single beating incident in 1999, his asylum claim is further undercut. *See Hakeem,* 273 F.3d at 816.

Because Sandy failed to establish eligibility for asylum, he further also failed to satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the agency's denial of CAT relief because Sandy has not demonstrated that it is more likely than not that he will be tortured if returned to Indonesia. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**